

## JACOB LICHT, INC.
### v.
### Robert L. CONSIDINE.

No. 83–107–A.

Supreme Court of Rhode Island.

April 21, 1983.

Robert Fine, Providence, for plaintiff.

William K. O'Donnell, Providence, for defendant.

### ORDER

The plaintiff's motion to dismiss defendant's appeal, as prayed, is granted.

specific damages to which plaintiff was entitled. Following the docketing of this appeal, the plaintiff filed a motion to affirm the Superior Court ruling, and this court, after considering the plaintiff's motion and the defendant's brief, determined that affirmance was appropriate. Defendant now seeks reconsideration of our order of affirmance in the mistaken belief that it was issued for defendant's failure to file a brief.

As stated, in considering the motion to affirm, this court thoroughly reviewed the plaintiff's memorandum, the defendant's brief, and the entire record in this matter, and only after careful consideration of the merits of defendant's appeal was the order granting affirmance issued. Our decision did not rest upon any procedural default of defendant.

Accordingly, the petition for reconsideration is denied.

### John J. PLAZIAK
### v.
### John J. MORAN et al.

No. 82–225–A.

Supreme Court of Rhode Island.

April 21, 1983.

C.V. Fay, Cranston, for plaintiff.

Stephen Robinson, Providence, for defendant.

### ORDER

This case was here on the appeal of the defendant John Moran from a Superior Court mandamus order wherein defendant was directed to reinstate plaintiff to his former position as secretary of the Rhode Island Parole Board without loss of compensation, seniority or any other benefits resulting from the interruption of plaintiff's employment. The Superior Court justice in her order made findings as to the